**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

LAMAR BROWN,

*Petitioner - Appellee*,

v.

RONALD OLIVER; ATTORNEY
GENERAL OF THE STATE OF
NEVADA,

*Respondents - Appellants*.

No. 24-4725

D.C. No.
2:22-cv-00564-
RFB-BNW

OPINION

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware, II, District Judge, Presiding

Argued and Submitted February 10, 2026
San Francisco, California

July 16, 2026

Before: N. Randy Smith, Jacqueline H. Nguyen, and
Gabriel P. Sanchez, Circuit Judges.

Opinion by Judge Sanchez

# SUMMARY[*]

## Habeas Corpus

The panel dismissed as moot the State of Nevada's appeal from the district court's order vacating Lamar Brown's state felony conviction.

After the district court's order, the State proceeded to negotiate and secure a new plea deal pursuant to which Brown has now been reconvicted for a misdemeanor conviction for the same offense and has been sentenced for that misdemeanor conviction by the state court.

Because the State voluntarily entered a new legally binding plea agreement with Brown regarding his lifetime supervision violation which Brown has a due process right to enforce, this Court cannot afford the State any relief by reversing the district court's order regarding his initial conviction. The panel therefore dismissed the State's appeal as moot.

## COUNSEL

Kimberly Sandberg (argued), Assistant Federal Public Defender; Rene L. Valladares, Federal Public Defender; Office of the Federal Public Defender, Las Vegas, Nevada; for Petitioner-Appellee.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Jeffrey M. Conner (argued), Chief Deputy Solicitor General; Brooke D. Georguson, Deputy Attorney General; Aaron D. Ford, Nevada Attorney General; Office of the Nevada Attorney General, Carson City, Nevada; for Respondents-Appellants.

**OPINION**

SANCHEZ, Circuit Judge:

The State of Nevada seeks to appeal the district court's habeas order vacating Brown's state felony conviction. The problem is, after the federal district court's order, the State proceeded to negotiate and secure a new plea deal with Brown. Pursuant to that deal, Brown has now been reconvicted for a misdemeanor conviction for the same offense and has been sentenced for that misdemeanor conviction by the state court. Brown's intervening misdemeanor conviction and sentence means that this appeal of the district court's vacatur of Brown's felony conviction can provide no effective relief to the State. Accordingly, we dismiss the State's appeal as moot.

**I**.

On December 1, 2015, Lamar Brown pleaded guilty to a felony violation of lifetime supervision, for charges of "failing to participate in counseling as deemed necessary by Nevada Division of Parole and Probation and/or by failing to report to Nevada Division of Parole and Probation as directed and/or by changing his address without first obtaining permission from his supervising officer." For this

conviction, Brown was sentenced to the maximum sentence of 5 to 20 years imprisonment.

After exhausting his appeals and state habeas petitions in state court where Brown's claims were denied on their merits, Brown filed the 28 U.S.C. § 2254 habeas petition in federal district court that is the subject of this appeal. Brown asserted in relevant part that he received ineffective assistance of counsel when his attorney advised him to plead guilty to a felony violation of lifetime supervision and for not advising him to withdraw his plea prior to sentencing.

On June 26, 2024, the district court granted Brown's petition for a conditional writ of habeas corpus based on his ineffective assistance of counsel claims. The district court ordered that Brown's felony conviction be vacated and noted at the close of its order that "[w]ithin 30 days of the later of (1) the conclusion of any proceedings seeking appellate or certiorari review of this court's judgment, if affirmed, or (2) the expiration for seeking such appeal or review, the state court must hold a status conference to consider the next steps, if any . . ." regarding Brown's alleged lifetime supervision violation. On July 23, 2024, the Nevada attorney general's office filed a notice of appeal from the district court's order.

On August 15, 2024, the local prosecutor and Brown's appointed public defender (both different than the counsel on the federal habeas case) met with the state court judge for a status conference. At that meeting, the local prosecutor did not notify the state court judge that the State had filed an appeal from the district court's order. The state court remanded the case to the state Justice Court for the prosecutor to "go forward with the charges as [he] see[s] fit." The local prosecutor negotiated and secured a new plea

agreement with Brown for a misdemeanor conviction for his violation of lifetime supervision. For this conviction, Brown was sentenced to time served on October 24, 2024.

**II**.

"[A]n appeal should [ ] be dismissed as moot when, by virtue of an intervening event, a court of appeals cannot grant 'any effectual relief what[so]ever' in favor of the appellant." *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)). "The party asserting mootness bears the burden of establishing that there is no effective relief that the court can provide." *Forest Guardians v. Johanns*, 450 F.3d 455, 461 (9th Cir. 2006). Brown argues that the State's appeal should be dismissed as moot because this Court can provide no effective relief given that the State negotiated and entered a new plea agreement in which Brown pleaded guilty to a misdemeanor lifetime supervision conviction and was sentenced to time served. Brown asserts that, even if we reverse the district court's habeas order vacating his felony lifetime supervision conviction, the State cannot undo the misdemeanor plea agreement or resulting judgment entered after that order.

We agree that the State cannot undo these intervening events. The State argues that it could vacate Brown's current misdemeanor judgment and "unwind[ ] the [misdemeanor] guilty plea" prior to reinstating Brown's felony judgment and resuming Brown's custody under that judgment. The State does not cite a single case to support its supposed power to unwind Brown's misdemeanor plea agreement,

conviction, and sentence.[1] Indeed, not only is there no clear basis under Nevada law for the State's proposed "unwinding," the State cannot unilaterally unwind Brown's misdemeanor plea agreement under the federal constitution based on the circumstances presented here. We have long held that a criminal defendant's "due process rights conferred by the federal constitution allow [him] to enforce the terms of the plea agreement." *Brown v. Poole*, 337 F.3d 1155, 1159 (9th Cir. 2003); *see also, e.g.*, *Buckley v. Terhune*, 441 F.3d 688, 694 (9th Cir. 2006) ("Under *Santobello v. New York*, 404 U.S. 257, 261–62 (1971), a criminal defendant has a due process right to enforce the terms of his plea agreement."). Given that, here, the State "has already received the benefit of the bargain" from Brown's misdemeanor plea agreement by securing Brown's reconviction and sentence, if the State were to now breach the agreement by "unwinding" it, such a violation generally results in court-ordered "specific performance of the plea agreement." *Buckley*, 441 F.3d at 699 n.11; *see also United States v. Alcala-Sanchez*, 666 F.3d 571, 577 (9th Cir. 2012) (ordering specific performance of the plea agreement). Accordingly, because the State voluntarily entered a new

---

[1] After oral argument, the State filed supplemental authorities suggesting that Brown's "fraud" or "misrepresentation" or "sleight of hand" would allow it to unwind the new plea. Nothing in the record reflects such behavior by Brown or his counsel, so we need not, and do not, decide whether the State can unwind the plea agreement under such circumstances. While it is true that Brown's state public defender mistakenly represented to the state court that no appeal had been filed on the habeas order, the State's local prosecutor was seemingly also unaware that the Nevada Attorney General had filed an appeal and did not correct the record. The State's prosecutor was equally capable of determining how the State intended to proceed with respect to the district court's habeas order.

legally binding plea agreement with Brown regarding his lifetime supervision violation which Brown has a due process right to enforce, we cannot afford the State any relief by reversing the district court's order regarding his initial conviction.

The State relies on *Garding v. Montana Department of Corrections* to argue that its appeal is not moot. 105 F.4th 1247 (9th Cir. 2024). But *Garding* demonstrates why the State's appeal is moot. There, after the federal district court granted habeas relief, the state court vacated the defendant's conviction and set a new trial. *Id.* at 1255. We held that, under those circumstances, the State's appeal of the district court's habeas order was not moot because "[r]eversal of the district court's order would remove the current federal court impediment to any state court reinstatement of the judgment and cancellation of the new trial." *Id.* We relied on *Calderon v. Moore,* in which the Supreme Court held that a new trial order did not moot a habeas appeal because "a decision in the State's favor would release it from the burden of [a] new trial." 518 U.S. at 150. Importantly, *Calderon* reasoned that the new "trial ha[d] not yet even begun, let alone reached a point where the court could no longer award any relief in the State's favor." *Id.* Therein lies the distinction from this case. Here, there is no upcoming trial, and reversal of the habeas order would not relieve the State of any burden caused by the federal district court. Rather, because the State voluntarily entered into a new plea deal that resulted in a new conviction and sentence for Brown, this case has "reached a point where the court could no longer award any relief in the State's favor." *Id.*

For that reason, we dismiss the State's appeal as moot.

**DISMISSED.**